UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE TIM VARELA, SR. | Case No. 2:16-cv-01035-APG |
| TIM VARELA, SR., | |
| Appellant, | OPINION |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Appellee. | |

  Appellant/debtor Tim Varela, Sr. appeals the bankruptcy court's order denying his motion to stay foreclosure pending resolution of his appeal in *Varela v. Wells Fargo*, 2:15-cv-02497-GMN. ECF No. 1.  Varela contends the bankruptcy judge, Bruce Beesley, formerly represented appellee Wells Fargo Bank, N.A. in relation to the same property at dispute in this case when Judge Beesely was still in private practice.  Varela contends that Judge Beesley erred by denying Varela's motion to stay pending appeal when he had previously granted that motion.  Varela also argues Judge Beesley lacked jurisdiction to enter the denial order because an appeal had been filed.

  Wells Fargo responds that because the property has been sold at a foreclosure sale, this appeal is moot.  Wells Fargo also argues the bankruptcy court properly denied a stay pending appeal because Varela was unlikely to succeed on the merits of the appeal.  Additionally, Wells Fargo asserts that the bankruptcy court properly corrected a clerical error because the court erroneously had entered an order granting the motion to stay when in fact that motion had been denied.  Wells Fargo asserts the bankruptcy court had jurisdiction to correct the error because no appeal of the order denying the motion to stay had been filed.  Finally, Wells Fargo argues Judge Beesley was not required to recuse because he was not an attorney in the current matter in controversy.

A bankruptcy appeal becomes moot when the court cannot fashion effective relief. *Focus Media, Inc. v. Nat'l Broad. Co., Inc.*, 378 F.3d 916, 922 (9th Cir. 2004). The "classic example" of constitutional mootness in a bankruptcy appeal "is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold. The transfer to a third party precludes meaningful relief." *Baker & Drake, Inc. v. Pub. Serv. Comm'n*, 35 F.3d 1348, 1351 (9th Cir. 1994).

Here, the property has been sold, so Varela's motion to stay foreclosure is moot. I cannot afford effective relief because I cannot stay a foreclosure that has already taken place.

IT IS THEREFORE ORDERED that this bankruptcy appeal is dismissed as moot. The clerk of court shall close this case.

DATED this 1st day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE